TILLSON (MILAN DISTILLING CO. v.).
See Case No. 9,539.

---

## Case No. 14,053.

### TILLY v. BROWN et al.

[1 Hayw. & H. 148.] [1]

Circuit Court, District of Columbia. Aug. 28, 1843.

NEGLIGENCE — INJURY FROM MACHINERY — CONTRIBUTORY NEGLIGENCE.

1. Where injury is caused by negligence in the management of machinery, and the negligence is such as no prudent man would be guilty of, the party injured is entitled to recover in damages for the injury sustained.

2. A party employed in a place where there is machinery, must not expose himself to the danger arising from its management if he wishes to make the owner of the machinery responsible for injury received while the machinery is in operation.

[This was an action for damages by John H. Tilly, by his next friend, John Tilly, against Thomas Brown and Francis Dodge.]

The declaration contained two counts. The first count averred that certain machinery of great power was under the management,

[1] [Reported by John A. Hayward, Esq., and George C. Hazleton, Esq.]

supervision, attention and care of a servant of the defendants. That the defendants, by their said servant, carelessly and negligently managed, supervised and attended to said machinery while in operation; that the plaintiff was caught and drawn within said machinery while the same was in operation, whereby one of the plaintiff's arms was broken and rendered wholly useless. The second count averred that the injury was caused by the defendants carelessly and negligently managing and attending to said machinery while in operation, &c., by reason thereof, the plaintiff sustained damage to the value of ten thousand dollars, and whereupon he sues.

Brent & Brent, for plaintiff.

Jos. H. Bradley and Jas. Marbury, for defendant.

BY THE COURT. If the jury believe from the evidence that the defendants employed a competent machinist with directions to construct a machine for rolling dough, and that said machinist did in fact construct such a machine and deliver the same to the defendants, with general caution and direction to manage the same, so as to preserve the machinery and avoid danger, without any particular caution as to that point of the machinery where the accident happened; that the defendants employed a careful and competent person to superintend the machinery and to keep the boys employed at the machinery in their proper places while at work, and the accident and injury complained of happened, not from the fault or negligence of the defendants or their superintendent; then the plaintiff is not entitled to recover in this action. If from the evidence the jury shall find that a number of boys not any older or larger than the plaintiff were employed on the said machine any length of time without any injury having happened to them, and the said accident happened, not while the said boy was in the execution of the work for which he was employed by the defendants, but in consequence of his leaving his said work, and carelessly exposing himself to the danger, then the plaintiff is not entitled to recover in this action. But if the jury shall find that the injury complained of was caused by such negligence of the defendants, as no prudent man would be guilty of, in the management of his own affairs, then the plaintiff is entitled to recover.

The following instructions prayed for by the plaintiff was refused by the court, the chief judge doubting: If the jury find from the evidence, that the plaintiff being an infant of about nine years, was employed by defendants, with his father, without any compensation to serve about their bakehouse, and that, after having been employed for the first two or three months out of doors, in sawing up wood for the ovens, he was then put to work in the room where

dangerous machinery was in operation, and within four or five feet of the dangerous part of the machinery; that all danger from that part of the machinery might have been easily and at a trivial expense, prevented by sheathing on the outside, that although the nature of his particular employment did not require him to approach the dangerous part of the machinery nearer than four or five feet, yet he might pass close to it and in fact did so while performing the work about which he was set, at the time he received the injury complained of, being the loss of his left arm; then such evidence is competent to be left to the jury to consider whether the defendants were or were not guilty of negligence and the degree of negligence.

The jury brought in a verdict for the defendants. Plaintiff moved for a new trial, because the court erred in giving the instructions asked by the defendants, and because of newly discovered evidence. The court overruled the motion for a new trial.